**Stephen BRADFORD, Plaintiff–Appellee,**

v.

**BRUNO'S, INC., d/b/a Food World # 15, Defendant–Appellant,**

**Food World # 15, Cullman, Alabama, Defendant.**

No. 94–6175.

United States Court of Appeals, Eleventh Circuit.

Jan. 3, 1995.

---

H.C. Ireland, III, Michael L. Haggard, Birmingham, AL, for appellant.

G. Whit Drake, Benjamin E. Baker, Jr., Birmingham, AL, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, and MOYE *, Senior District Judge.

PER CURIAM:

This appeal stems from a diversity jurisdiction lawsuit Stephen Bradford filed against Bruno's, Inc., as a result of a slip and fall at a grocery store in Alabama. The district court granted Bradford's motion in limine to exclude from the jury any evidence that Bradford's medical expenses had been paid by an insurance company. At trial, the court refused to permit Bruno's to "show the jury that every bit of his medical bills were paid by insurance." After trial, the jury returned a verdict for Bradford in the amount of $44,000.

The sole issue Bruno's raises on appeal is whether the district court erred in preventing it from proving to the jury that Bradford's medical expenses had been paid by insurance. Alabama has two collateral source statutes. One of them, Ala.Code § 6–5–522 (1993), applies only to products liability actions. The other one, which is applicable in all other personal injury or wrongful death cases, provides as follows:

> (a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.
>
> (b) In such civil actions, information respecting such reimbursement or payment obtained or such reimbursement or payment which may be obtained by the plaintiff for medical or hospital expenses shall be subject to discovery.
>
> (c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible.

Ala.Code § 12–21–45 (Supp.1994). The parties agree that if this case had been tried in state court, § 12–21–45 would have been applied. The dispute is over whether that statute is applicable under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, in cases arising in Alabama over which federal courts have jurisdiction as a result of diversity of citizenship.

This question has already been answered, for all practical purposes. We held in *Southern v. Plumb Tools, a Division of O'Ames Corp.,* 696 F.2d 1321, 1323 (11th Cir.1983), that Alabama's common law collateral source rule was substantive law to be applied by federal courts in diversity cases. That precedent instructs us in this case because, § 12–21–45, which is Alabama's statutory modification of its common law collateral source rule, is as much substantive law as was the common law rule it modified. All of the district court's reasons why § 12–21–45 is not applicable in diversity cases, and all of Bradford's arguments to that effect, are foreclosed by our *Southern* decision.** We also note that our holding that Alabama's collateral source rule is substantive for diversity purposes is consistent with the position of the other circuits that have spoken to the

---

* Honorable Charles A. Moye, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

** The district court's order in this case referred to "the law set forth" in the district court's prior unpublished memorandum opinion in another case. In that earlier memorandum opinion, the

issue. *In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 803 F.2d 304, 308 (7th Cir.1986) ("a federal court sitting in diversity must apply the collateral source rule of the state whose law governs the case"); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 245 (1st Cir.1985) ("it is well recognized that Congress did not intend the [Federal Rules of Evidence] to preempt so-called 'substantive' state rules of evidence such as the parole evidence rule, the collateral source rule, or the Statute of Frauds."); *see Lomax v. Nationwide Mutual Insurance Co.*, 964 F.2d 1343, 1345 (3d Cir.1992) (applying Delaware's collateral source rule); *Perry v. Allegheny Airlines, Inc.*, 489 F.2d 1349, 1352 (2d Cir.1974) (applying Connecticut's collateral source rule); *Rayfield v. Lawrence*, 253 F.2d 209, 212–13 (4th Cir.1958) (applying Virginia's collateral source rule); 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4512 (1982).

Because the district court refused to apply Alabama's collateral source rule to this diversity case, we REVERSE the judgment and REMAND the case for a new trial.

district court had stated in dictum that if § 12–21–45 were applicable in diversity cases, its application would be unconstitutional. To say the least, it is not obvious to us that application of the state statute presents any serious federal constitutional problems. In any event, Bradford did not argue in the district court that § 12–21–45 was unconstitutional and did not make that argument before us. Accordingly, this case presents no controversy about federal constitutional law for us to decide.